

FILED
MAR 09 2011
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

TERRI L. ROSANE,

    Plaintiff,

vs.

SHANNON COUNTY
SCHOOL DISTRICT 65-1,

    Defendant.

Civ. No. 11-5020

**COMPLAINT**

---

Plaintiff Terri Rosane alleges:

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Section 1331 and 1337. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended.

2. The unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the District of South Dakota under 28 U.S.C. § 1391(b).

3. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on December 7, 2010, and received by the Plaintiff on December 10, 2010.

## COUNT 1

### DISCRIMINATION ON BASIS OF RACE

4. This is an action under Title VII of the 1964 Civil Rights Act and Title I of the Civil Rights Act of 1991 to correct intentional and unlawful employment practices on the basis of race and retaliation.

5. Defendant is a school district organized under the laws of the State of South Dakota, and has continuously employed more than fifteen (15) individuals.

6. At all times material, Plaintiff was a resident of Nebraska and was employed by Defendant as a cook at the Batesland School from October 2007 until September 2009.

7. During her employment, Plaintiff was the only white employee directly working in the kitchen and was subjected to harassment, discrimination and other inappropriate conduct on the part of her supervisor/co-workers Bertha Conroy and Pete Plenty Wounds and other employees and agents of Defendant.

8. The discriminatory conduct included remarks about Plaintiff's race, refusal to interact with her, and threats that she would be run off the reservation. Plaintiff was subject to such conduct because of and on the basis of her race, which was white.

9. That the conduct of Conroy and Plenty Wounds, who are both Native Americans, created an intimidating, hostile and offensive work environment and unreasonably interfered with Plaintiff's ability to perform the duties of her position.

10. Plaintiff informed her supervisor and other individuals in positions of authority about the conduct described above and requested that such conduct be stopped.

11. Such requests were unavailing and the discriminatory and harassing conduct continued by Defendant and its employees and agents.

12. Plaintiff thereafter filed a grievance with the Defendant alleging discrimination and harassment on the basis of her race.

13. In response to Plaintiff's grievance, she was told she should learn the Lakota language and was informed that she would be involuntarily transferred to the Wolf Creek School which was a less desirable location further from Plaintiff's home.

14. These adverse employment actions were done in retaliation to Plaintiff's complaints of discrimination.

15. In addition, Defendant failed to properly investigate the complaints of the Plaintiff.

16. At all times during her employment, Plaintiff's job performance met or exceeded expectations.

17. That due to the continued discrimination and harassment, Plaintiff resigned her position with Defendant in September 2009.

18. That thereafter Plaintiff found alternative employment which paid less wages and benefits than that provided by Defendant.

19. That as a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has suffered a loss of earnings and benefits in an amount to be established at trial.

20. The unlawful employment practices complained of above were intentional within the meaning of the 1991 Civil Rights Act entitling Plaintiff to recover punitive damages.

## COUNT 2

## RETALIATION

21. Plaintiff hereby realleges and incorporates the allegations of Paragraphs 1 through 20 of Plaintiff's Complaint.

22. In response to Plaintiff's protected activity as alleged above, Defendant has retaliated against Plaintiff in violation of Section 704(a) of Title VII by telling her to learn the Lakota language, threatening to transfer her to another school, failing to investigate the complaints of Plaintiff and otherwise creating an intolerable working environment such that she was forced to resign from her position with the Defendant.

23. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her employment status.

24. As a direct and proximate result of the aforesaid acts, Plaintiff has suffered emotional distress, medical expenses, embarrassment, humiliation and related damages.

25. The unlawful employment practices complained of above were intentional within the meaning of the 1991 Civil Rights Act entitling Plaintiff to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court:

(A)   Order Defendant to make whole Plaintiff by providing appropriate back pay with prejudgment interest, in the amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay and reinstatement;

(B)   Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

(C)   Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including pain, suffering, and humiliation, in amounts to be determined at trial;

(D)   Order Defendant to pay Plaintiff punitive damages for Defendant's malicious and reckless conduct in amounts to be determined at trial;

(E)   For Plaintiff's costs and attorney's fees herein; and

(F) For such other relief as the Court may deem just or equitable under the circumstances.

Dated this 9th day of March, 2011.

> BANGS, McCULLEN, BUTLER,
> FOYE & SIMMONS, L.L.P.
>
> BY: *[signature]*
> MICHAEL M. HICKEY
> Attorneys for Plaintiff
> 333 West Blvd., Suite 400;
> P.O. Box 2670
> Rapid City, SD  57709-2670
> (605) 343-1040
> mhickey@bangsmccullen.com

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**